IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JAMES ABBOTT** | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | A-14-CV-669-LY |
| | § | |
| **COMPLETE PACKAGING II, L.L.C.** | § | |
| **d/b/a DANHIL CONTAINERS, L.L.C.,** | § | |
| **and DANHIL COTAINERS II, LTD.** | § | |
|     Defendants. | § | |

<u>REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>

TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion to Transfer Venue and Motion to Dismiss (Dkt. No. 5); and Plaintiff's Response (Dkt. No. 8). The District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Having reviewed the parties' filings, the entire case file, and the applicable law, the Court enters the following Report and Recommendation.

### I. GENERAL BACKGROUND

The following facts are taken from Plaintiff James Abbott's ("Abbott") Complaint. Abbott is a resident of Bell County, Texas. Complaint at ¶ 1. Abbot was hired by Defendants Complete Packaging II, L.L.C. and Danhill Containers, Ltd., to work as a truck driver. *Id.* at ¶ 5. He alleges that both Defendants can be served in Temple, Texas, which is located in Bell County, Texas. *Id.* at ¶¶ 2-3.

Abbott was employed by Defendants from 1989 until he resigned on June 2, 2014. *Id*. He hauled corrugated cardboard from Defendants' facility in Temple, Texas, to various locations in central Texas, including Austin. *Id.* at ¶ 6. Abbott alleges Defendants maintained a practice of deducting one-half hour a day for lunch while not permitting Abbott to take a lunch break. *Id.* at ¶ 7. Abbott asserts he is owed compensation for this time, and seeks liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and § 207.

Defendants now move to dismiss for improper venue or in the alternative to transfer this cause of action to the Waco Division of the Western District of Texas.

### III.  ANALYSIS

A.  **Motion to Dismiss**

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Defendants argue that Abbott has failed to state a claim for relief because "Defendants never violated the FLSA during Plaintiff's employment." Motion at 1-2.

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d

673, 675 (5th Cir. 2007). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*

In this case, Abbott has pled that he was employed by Defendants and that they failed to adequately compensate him for his time. The Court finds Abbott has stated a claim pursuant to the Fair Labor Standards Act and that his claims are not subject to dismissal pursuant to Rule 12(b)(6).

**B.      Motion to Transfer Venue**

Defendants alternatively move to transfer venue to the Waco Division of the Western District of Texas pursuant to 28 U.S.C. § 1404(a). "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district *or division* where it might have been brought or to any district *or division* to which all parties have consented." 28 U.S.C. § 1404(a) (emphasis added). The parties do not dispute that this cause of action could have been brought in the Waco Division of the Western District of Texas.

Under § 1404(a), the defendant bears the burden of proving "good cause" for a transfer. As the Fifth Circuit explained in *In re Volkswagen II*,

> when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*In re Volkswagen II*). A district court has "broad discretion in deciding whether to order a transfer." *In re Volkswagen II*, 545 F.3d at 311. To make this determination the Fifth Circuit requires consideration of several private and public interests factors. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy,

expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*In re Volkswagen I*). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004).

Here, the Defendant has offered no evidence at all regarding any of these factors. The only information submitted on the venue factors comes from the Defendant's motion:

> Defendants' primary place of business is located in Temple, Bell County, Texas. Additionally, Plaintiff is a resident of Bell County, Texas. It is anticipated that most witnesses in this case will also reside in Bell County, Texas. The Waco Division is a more convenient venue for all parties.

Dkt. No. 5 at 1. While there is only a minimal connection between the alleged facts of the case and the Austin Division,[1] that is not a factor the Court is considering here, as the motion is not challenging venue in Austin as improper, but rather is asking that the case be transferred for the parties' and witnesses' convenience. Such a motion requires *some* proof and none has been submitted. Focusing on the only facts the Court has—that both parties are residents of Bell County—the Court cannot say that venue in Waco would be "clearly more convenient" than laying venue in Austin. Belton, Texas, the seat of Bell County, is 60 miles from Austin, and 43 miles from Waco. Regardless of where the case is heard, the parties and their witnesses will therefore have to travel one way or the other on Interstate 35. The Court cannot say that having to drive 17 miles less

---

[1] The only factual connection this case appears to have to the Austin Division is that as a truck driver, Abbot made some of his runs to and through Austin.

to get to Court in Waco is "clearly more convenient" than making the 60 mile drive to Austin, particularly in this age of electronic filing of pleadings, and motion practice taking place on the papers in most cases.

Based on the above the Court finds that Defendants have failed to meet their burden of showing the Waco Division is a clearly more convenient venue for this case than Austin.

## IV.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Transfer Venue and Motion to Dismiss (Dkt. No. 5).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

      SIGNED this 16th day of September, 2014.

                                               ANDREW W. AUSTIN
                                             UNITED STATES MAGISTRATE JUDGE